Appellant-plaintiff the state of Ohio appeals from a decision in the Medina County Court of Common Pleas declaring R.C. 2950.09
to be in violation of Section 28, Article II of the Ohio Constitution. This Court reverses.
On January 13, 1988, appellee-defendant Robert D. Csonka was indicted by the Medina County Grand Jury on one count of abduction, a violation of R.C. 2905.02(A)(2). In April 1988, Csonka pled guilty to the amended charge of attempted abduction, a violation of R.C. 2923.02 and 2905.02(A)(2). Csonka was sentenced to a term of two to five years imprisonment.
In May 1998, the trial court addressed whether Csonka should be designated a sexual predator pursuant to R.C. 2950.09. No hearing was conducted. The trial court held that,
 because R.C. 2950.09 imposes new obligations and restrictions and it is retroactive, it is unconstitutional under the Ohio Constitution. The Statute is placing new punishments; i.e., [sic] the requirement for life-long [sic] registration; to verify their address every 90 days; and to notify authorities when they change addresses. The publication by the local law enforcement agency of the offender's address is also an additional punishment not found in the prior statute. These are substantive changes, and are imposed for a past act. This violates Article II, Section 28 of the Ohio Constitution.
 Therefore, this Court finds the defendant cannot be declared a "sexual predator". [sic]
The trial court then proceeded to hold that, because Csonka had been convicted of two or more sex offenses, he is an habitual sexual offender pursuant to prior R.C. 2950.01(A).
The state timely appealed, asserting one assignment of error:
 THE TRIAL COURT ERRED WHEN IT HELD THAT REVISED CODE SECTION 2950.09 AND OTHER RELEVANT PROVISIONS OF CHAPTER 2950, AS APPLIED TO THE APPELLEE, ARE RETROACTIVE LAWS IN VIOLATION OF ARTICLE II, § 28
OF THE OHIO CONSTITUTION.
This Court has previously addressed this issue and found that R.C. 2950.09 does not violate Section 28, Article II of the Ohio Constitution. State v. Markovitz (Dec. 9, 1998), Medina App. Nos. 2786-M to 2803-M, 2805-M, 2813-M, unreported, citing State v. Cook
(1998), 83 Ohio St.3d 404. See, also, State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported.[1]
Accordingly, the judgment of the court of common pleas is reversed and remanded for a hearing pursuant to R.C. 2950.09 to determine whether Csonka should be classified as a sexual predator.
Judgment reversed, and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, P.J. and WHITMORE, J. CONCUR.
[1] The trial court stated that R.C. 2950.09(B)(1) applied. Because Csonka was already in jail, the trial court should have proceeded under R.C. 2950.09(C)(1).